Good afternoon. May it please the court, Jonathan Libby appearing on behalf of Appellant Charles Kowaleski. Your Honours, when Mr. Kowaleski offered to stipulate to every element of the charges but Sienter, it became entirely unnecessary for the jurors to view the images and films of child pornography. In fact, showing these horrific films of graphic child rape served no purpose other than to inflame the jurors sensibilities and promote... Let me ask you about that. I read Goudenot and Marino Balderrama and it looks to me like Marino Balderrama, if I'm not mixing up the cases in my mind, is different because in Marino Balderrama to see the images you had to have an 8mm or super 8mm projector for film and who has those anymore, not Mr. Marino Balderrama. So really nothing could show what he knew that he possessed except the covers on the boxes. That's different from this case. This case forced me to read Old Chief again carefully. It's hard to understand. When you really get deep into it, it's hard to understand why the content was relevant according to Justice Souter's opinion but nevertheless was too prejudicial. And the best I got out of it was that the prosecutor is entitled to show the whole story and put the facts in context, historical context for the actors, but the facts of the old conviction would not be part of the context of the crime. That's the best I got out of it. So it kind of looks like maybe Old Chief doesn't help you much in the cases more like Goudenot than Marino Balderrama. Could you explain why that's not so? Well, obviously we have different facts here, Your Honor, and we have a different stipulation here that had been offered in Goudenot. What we have here is a stipulation that included... I think what Old Chief said was that the way to look at it was not so much a stipulation as a concession or admission so that an element of the crime would be admitted. Was an admission offered? Or should it be understood to have been offered? In a way it was, Your Honor. While we wouldn't stipulate that Mr. Kowalewski had actually viewed the images, what we were willing to stipulate to was that any reasonable person viewing these images, even for a moment, would be able to tell that it was in fact child pornography. Mr. Kowalewski fits in the category of any reasonable person. So that combined... Counsel, Judge Gould, if I could ask you a question. Yes, Your Honor. For conviction, didn't the government have to show not just that every reasonable person would view them as pornography, child pornography, but that the appellant here himself did knowingly have child pornography? So he, as opposed to a reasonable person, had to know they were child porn. Well, that's right. And we believe our stipulation that any reasonable person viewing the images, even for a moment, would be able to tell that, combined with the other evidence that the government had, and in fact did introduce, could be sufficient to prove guilt without the need to actually show these images to the jury. And there was a bunch of other evidence that the government introduced, the fact that the subscription to the child pornography website was purchased using a credit card of Mr. Kowalewski's name, using his home address and phone number, it used the same password as his Yahoo email account, that someone using that email account was the person who in fact downloaded the images, that the IP address associated with this was Mr. Kowalewski's home. So there was a lot of evidence that could tie Mr. Kowalewski to those images, combined with the offered stipulation, that would have been sufficient without the need to actually show any of these images to the jury. And that analysis is reviewed for an abuse of discretion, correct? That is typically the case. And as a district judge, I can tell you that the 403 questions that are posed to us at trial are sometimes very difficult, but it's our discretion in balancing the various interests to make that decision, and that discretion is generally upheld as long as we apply the correct test. Do you think that the district judge in this case applied the correct test under 403? One thing I discovered as I was reviewing the record this morning, and I had not raised it in the brief, is the fact that Judge Wright did not actually look at any of the images before he made the... I wish that had been in the briefs, that's important. It is important, and... We can do anything with it, can't we? Well, it's certainly in the record. I apologize for not having raised that, that is my fault. But the record is very clear, he in fact did not review those images before he made the ruling. In fact, the government offered to show the images, and Judge Wright's response was, I have zero interest in seeing the images. And the fact is... But he did make the decision about the duration of the images, correct? And the way they would be presented to the jury. Well, he did ask that the government include certain covering on the still images, obviously that could not take place on the video images. And he asked that there be as limited a showing as the government felt it needed. But that was kind of the end of it. And clearly, Judge Wright indicated that he was extraordinarily offended by these images at the time he made the ruling, throughout the proceedings, before the images were shown, he actually advised those in the courtroom that perhaps you might want to leave, because we're about to show these images on the monitors. He indicated at sentencing that... Did he say that in front of the jury? I believe he did, Your Honor. He also then indicated at sentencing, he can't get these images out of his head. So clearly, these are images that were disgusting images, and clearly would have had a significant impact on the jury. And this is what Rule 403 was supposed to fix. So you're answering my question by saying he did not apply the correct test, because I'm looking at his remarks from... It's on page 8 of the government's brief about his articulation of the test. And it seems to me to be correctly applied there, but you're saying that without having looked at the images he was going to show the jury in advance, that was an incorrect application? Well, yes, I believe under, certainly, Supreme Court in this court's case law, the judge, before making that ruling, in order to properly balance everything, has to actually see it. Now, here, the court seemed to assume these were highly prejudicial. And we know after the fact that he found it to be highly prejudicial, because he was personally disgusted by the images. Well, what about the short duration? As I remember the briefs, he limited the showing to one minute, a one minute compilation. Why doesn't that take some of the sting of the prejudice out? Because the jury still saw the images and the films. I mean, the fact is the judge also only saw that limited duration and was personally disgusted. So I think it's reasonable to assume every member of that jury was personally disgusted. And the whole purpose of 403 is to make sure that they don't take that and hold it against the defendant. And so based on this record and the offer stipulation, there just was no need to show the images. And I will reserve the balance. Thank you, counsel. Good afternoon, your honors. May it please the court, Vicki Cho for the United States. The district court did not abuse its discretion in allowing the government to present a very select number of images. Counsel, I've got a couple of questions I need to ask you. One is, if you didn't look at them, it's pretty clear that that's error under our recent decision in Miguel Murray and the en banc decision that Miguel Murray applied. I did read those cases, your honor. First, as your honor recognized, I think the issue is waived. But even if it weren't, I don't think the district court committed error in this case by not viewing the images. That would be error. I mean, we said it clear as a bell in the en banc and repeated it in Miguel Murray. If you're going to do the 403 weighing, you have to look at the evidence that you're weighing. Your honor, I think those decisions can be limited because those decisions were about instances of evidence where there was a lot more to the evidence than just what the government was seeking to introduce. So I think in other 404b context, it's common for the government to proffer evidence. I understand your argument there on the merits of that issue. You've got two arguments, one on the merits and one is waiver or default. Yes, your honor. Let me ask you about another aspect of it. There are some things that humans tend to respond to with disgust. I think you could generate disgust in almost everybody if you showed one minute of people vomiting, one minute of people defecating, and one minute of people having sexual activity with prepubescent children, which I think is what this case involves. I don't understand why stimulating the disgust is necessary when the defendant is willing to concede that they are in fact child pornography. I understand the court's concern, but in this case, on the specific facts of this case, I do think that the content of the images was very necessary. Why? All he's defending on, he's willing to concede that they're child porn and his only defense is his roommate must have done it. He didn't know they were there. He was willing to concede that they were child porn, but he was not willing to admit that he was a reasonable person or that he knowingly received or possessed the images or that he knew that the images contained child pornography. But knowing possession, that was the defense. His roommate must have done it. He didn't know they were there. Yes. How does showing the pictures show that he knew that they were there? To give a counterexample, if this case were involving counterfeit currency or counterfeit stamps or something that was less inflammatory, if the defense there was that this material found in the computer might have been placed there by a roommate, it would be more likely to fight with a jury because counterfeit currency or counterfeit stamps you see on your computer is not something that's going to immediately strike you as something that shouldn't be there. I've got so much stuff on my computer, I have no idea what's there. I just have to look at the thing with the feature on the operating system that will find things. But that's exactly why the repugnancy of images is necessary and is part of the probative value for the government. It doesn't show that you knew they were there. It doesn't necessarily show that the defendant knew that these were there, but that it counters defense counsel's argument that if you as the defendant's roommate were going to commit an illegal act, of course you would use the defendant's information to protect yourself because once you see the images and how repugnant they are, you realize that the risk is far greater that your roommate, in this case Mr. Kowalski, sorry, if your roommate... You're saying Kowalski's roommate would have done it in Kowalski's name and keep out of trouble himself. And that was the defense counsel's argument. But why does that... Why does showing the pictures show that Kowalski must have known that the pictures were on his computer? Well, showing the pictures shows the jury that if you are the roommate, you're not going to run the risk that Mr. Kowalski is going to see these images on his computer, freak out, call the police, turn you in. Instead, you're going to use your own information to keep that hidden from your roommate. And so that's the reason why the repugnancy of the images goes directly to their probative value. And in addition, in the district court's assessment, it's weighing some limited prejudice from the images against the probative value and the district court took additional steps in this case to limit the unfair prejudice. He questioned the jurors, many of them individually, and ensured that they committed to not holding these images against the defendant, to not acting on their emotion. The defense counsel had the personal opportunity to conduct a void year of the jurors, again to emphasize upon them the importance of making a fair decision based on the evidence and not to let the emotion sway them. Your argument is very strong on those issues. That's why I'm asking you about the issue that seems harder, which is what they prove exactly that is at issue as opposed to generating a feeling of disgust for the defendant. So I think there are a couple points, and one of the things that we argued before the district court and that I think is relevant here is that the stipulation was not to specific content of a child pornography, but that these images depicted individuals under the age of 18 engaged in sexually explicit conduct. And that to a juror's mind who has never seen child pornography, has no idea what that is, is very different from what the images here are. And so whereas you might leave vacation pictures or barely legal pictures on your roommate's computer, you're not going to leave these images of child pornography on someone else's computer where they might stumble across them. Was there any effort by the government to try to find a way to stipulate some of the facts that you say they weren't offering to avoid showing these images to the jury? For instance, if they were willing to stipulate that these were prepubescent children, that he knew they were prepubescent children, was there any effort made to negotiate some sort of stipulation like that, or was there just an outright rejection of the stipulation that was offered? I think respectfully, Your Honor, under the law, I don't think the government or the district court are required to. I didn't ask you whether they were required. I was asking you whether there was any effort made. There were continuous discussions with the defense counsel, and I think the repeated discussions on the record that this court has seen were that the government's concern here was that the stipulation left a pretty significant space for the defendant to come in and say that he was not a reasonable person, or in some other way this stipulation didn't get to his specific state of mind. And the defense counsel never offered more than just that. Whether he's a reasonable person? I thought under the definition of child pornography it was more objective. Well, here his state of mind did matter, because the elements of child pornography required that the government prove his knowing of possession and receipt. So that he possesses them. He's willing to concede that they're child pornography. Well, actually, the elements also require that he knew that the content involved the use of underage individuals. And so there, if he's not a reasonable person, the stipulation doesn't get us fully to the place that we need to be. Counsel, Judge Gould, if I could interject a question. So maybe I misunderstood this, or it's too simplified. But I understood the stipulation was that a reasonable person would know these were child pornography. However, assuming that the evidence showed they were on his computer, and he put them there, there was no evidence that he personally knew. I mean, there was no stipulation that he personally knew they were child pornography. Exactly, Your Honor. There was no stipulation as to the defendant's individual state of mind. And so that left the government still with its burden to prove the defendant's specific knowledge as to the contents of these images. And I think part of the difficulty here now discussing it and questioning the district court's decision is that we all understand what child pornography is, and the jury doesn't. And so it just isn't enough to say that these images contain depictions of individuals under the age of 18 engaged in sexually explicit conduct, because they don't know what that is. And that's part of what Old Chiefs discusses, is that the government is entitled to this narrative richness, to the multi-uses of the evidence. You're saying you get 12 people on a jury, they don't know what sexually explicit conduct is? I teach them the birds and the bees by showing them pictures. They know what sexually explicit conduct is, but they have never seen it, I would hope, when it involves children, and that's quite a different thing. And that's the reason why a defense counsel is reasoning that even a judge who was a federal district court judge was still shocked by the images. I think any jury would have no idea. It seems to me that cuts against your argument. I mean, this stuff is sickening. It's disgusting. It is. What do you accomplish other than showing the jury that the pictures are sickening and disgusting? They need to know what these images were and why the defendant's roommate would not run the risk of putting them on his computer. But that strengthens the defense case. You wouldn't have been trying to show that. Your argument is we have to show what they actually are to show that the roommate... I'm arguing that we have to be able to show what the images actually are to show that it was the defendant and not the roommate because the roommate would not run the risk of leaving this horrific material on the defendant's computer for the defendant to find. And just saying that these are images of children engaged in sexually explicit conduct does not import to the jury the fullness of what the offense involved. And so, for example, if the jury thinks that this is barely legal pornography, that's not something that a male roommate would probably call the police for another male roommate. And so I think the district court did apply the correct rule as a legal matter. He did look to see whether or not the unfair prejudice... Oh, I apologize, Your Honor. I thought I was still at yellow. I'm past my time. So if you have any further questions. Thank you. Your Honor, to address the government's last point and the jury needing the fullness of what these images were, let's be clear. Child pornography is defined as any minor under the age of 18 engaged in sexually explicit conduct. It does not matter if the person was 17 years old or 17 months old. It's child pornography. So the jury doesn't need to look at the images that the defendant was willing to stipulate contained child pornography in order to determine if it was child pornography. But your offered stipulation was very cleverly worded to say a reasonable person wouldn't have or would have known this was child pornography. It didn't say this defendant knew. And that's what they had to prove, that this defendant knew, not that some hypothetical reasonable person knew. And that's what a jury would be charged with. So in order to make that decision, doesn't the jury have to see more than just that bare stipulation? Well, the jury does, in fact, would have... The government did have to, in fact, establish that a reasonable person would know. That's from the case law. That's from their arguments. But they also had to show that your client was a reasonable person. Well, that's right. Well, I don't think there's anything to suggest he was not a reasonable person. He was a guy who let his roommate download 44,000 images. Unknowingly, Your Honor. That's the thing. The government's arguments are based on the presumption that he's guilty, that he did it. You have to assume the defense argument is, in fact, accurate. And when you say, well, the roommate wouldn't have left this on the defendant's computer, why not? If the roommate downloaded all these images, possessed all these images, liked these images presumably, that's why the roommate got the images. He put it on Mr. Kowalewski's computer so that it would not implicate him. But why wouldn't he have left it there? He didn't think it was any big deal. Well, good argument. Thank you, Counsel. Thank you. Thank you. We understand that the other issues raised are preserved in that way.
judges: Gettleman, Kleinfeld, Gould